IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT LOGAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LAURA ANN LOGAN-CEARLEY AND MARGUERITE BICKNELL-LOGAN, INDIVIDUALLY, | § § § § § § | CAUSE NO.: 1:14-cv-452 |
| **Plaintiffs,** | § § | |
| V. | § § | |
| EXPRESS SCRIPTS, INC. F/K/A MEDCO, INC., | § § | |
| **Defendant** | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. PARTIES

1. Plaintiff, **ROBERT LOGAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LAURA ANN LOGAN-CEARLEY AND MARGUERITE BICKNELL-LOGAN, INDIVIDUALLY** is an individual that is a citizen of the State of Texas.

2. Plaintiff would show that Robert Logan is the Personal Representative of the Estate of Laura Logan-Cearley and Marguerite Bicknell-Logan is the biological mother of Laura Logan-Cearley.

3. Defendant, **EXPRESS SCRIPTS, INC. F/K/A MEDCO, INC.,** (hereinafter called "**Defendant**"), is a corporation that is incorporated under the laws of the State of Missouri. Defendant may be served with process to the following registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Plaintiffs would show that at all times material herein, Defendant, **EXPRESS SCRIPTS, INC. F/K/A MEDCO, INC** was, and is, a professional pharmacy who held itself out and does hold itself out to the general public, including the Plaintiffs herein, as being qualified and competent to fill prescriptions and provide prescription medications for patients such as the Plaintiff herein, with all the necessary care and precaution expected of a professional pharmacy.

### B. VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(b) (2) because the events made the basis of this lawsuit occurred in the Western District of Texas, Austin, Travis County, Texas. Moreover, Laura Logan-Cearley resided in Travis County, Texas and the Western District of Texas when she ingested the medication at issue and she died in the Western district of Texas, therefore, venue is proper in this district.

### C. JURISDICTION

6. Plaintiffs would respectfully show that the Court has jurisdiction in this case in that the Plaintiffs and Defendant are citizens of different states and therefore this Court has jurisdiction pursuant to 28 U.S.C. §1332. Plaintiffs are citizens of Texas. Defendant is a corporation incorporated under the laws of Missouri and maintains its principal place of business in Missouri. The amount in controversy exceeds $75,000.00 excluding interest and costs, the sum or value specified in 28 U.S.C. §1332. However, the Defendant's contacts with the State of Texas include acts that were a direct and proximate cause of the damages sued for in this action, subjecting Defendant to the jurisdiction of Texas courts under the theory of Specific Jurisdiction

### D. NOTICE

7. Plaintiffs would respectfully show unto the Court that they have complied fully with the notice provision set forth by Chapter 74 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE in

that Plaintiffs mailed notice of this claim by certified mail, return receipt requested, to Custodian of Records, Express Scripts, Inc. f/k/a MEDCO, Claims Dept – Records, 8931 Springdale Avenue – STLT5E, St. Louis, MO 63134 more than 60 days before the filing of this complaint. On December 6, 2013, counsel for Plaintiff  mailed, via Certified Mail, Return Receipt Requested, a notice of claims pursuant to §74.051 of the Texas Civil Practice & Remedies Code. The notice letter is attached as Exhibit "A" hereto.  The notice letter was accompanied by an authorization form fully compliant with §74.052 of the Texas Civil Practice & Remedies Code. This is the address on Defendants' website.  This Complaint is being filed within 75 days of the two year anniversary of Laura Logan-Cearley's discovery of that the medication was causing her death and did in fact cause here death, and was therefore timely filed within the applicable Texas statute of limitations. All conditions precedent have occurred or have been performed.

### E. FACTUAL BACKGROUND

8.     Laura Logan-Cearley's leukemia was in remission when she was required by her insurer to begin filling her prescriptions for her leukemia related medications through Defendant. Shortly after beginning to use the prescription medication provided by Defendant, Laura Logan-Cearley's condition abruptly began to deteriorate for reasons neither she nor her doctors could attribute to her illness.

9.     Upon information and belief, Ms. Logan-Cearley's condition worsened from defects associated with the prescription medication provided by Defendant, or alternatively, due to the improper dosage of the prescription provided by Defendant until finally, she died from the effects of the defective medication and/or improper dosage provided by Defendant and which she unwittingly ingested.

**F.     NEGLIGENCE OF THE DEFENDANT**

10.     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

11.     Plaintiff believes and alleges that the Defendant, **EXPRESS SCRIPTS, INC. F/K/A MEDCO, INC** committed certain acts and/or omissions in the medical care and treatment of Laura Logan-Cearley, which constituted negligence, and that such negligent acts and/or omissions include, but are not limited to:

    a.     Providing defective and/or an improper dosage of her prescription medication for her leukemia treatment;

    b.     Failed to identify the error and correct the defect in the medication and/or dosage provided to Laura Logan-Cearley.

12.     Defendant owed Plaintiffs a duty of care to provide accurate and proper medication as prescribed and to ensure that the prescription was appropriate for the purpose prescribed.

13.     Defendant breached its duty of care to Plaintiffs by failing to ensure that the prescription drug it provided was the accurate and proper medication in the appropriate amount for the purpose prescribed.

14.     Defendant's breach of its duty to Plaintiffs was a direct, proximate and/or substantial producing cause of Plaintiffs damages in that Defendant's negligence was a direct, proximate and/or substantial producing cause of Laura Logan-Cearley's death.

15.     As a result of Defendant's breach of its duty to Plaintiffs, Plaintiffs suffered damages as more fully set forth below, and incorporated by reference.

16.     Each and all of the above and foregoing acts and/or omissions were negligent, and each and all were a direct and proximate cause of emotional and physical injuries of Laura Logan-Cearley, and the resultant injuries and damages sustained by Plaintiffs herein.

### G. JOINT AND SEVERAL RESPONSIBILITY

17. The negligence on the part of the Defendant, acting singularly or collectively was a proximate cause of the injuries and damages sustained by Plaintiff, as more specifically set forth herein below. Accordingly, Plaintiff would respectfully show that the Defendant is jointly and severally responsible for the injuries and damages sustained by Plaintiff herein.

### H. DAMAGES

18. Plaintiffs re-allege and incorporate the allegations alleged above as though they were set forth herein.

19. Plaintiffs would show as a direct and proximate result of the negligence of the Defendant herein, Plaintiffs was caused to suffer conscious emotional distress and anguish, and loss of consortium, for which Plaintiffs seek recovery herein.

20. Further, Plaintiffs seeks recovery of reasonable and necessary medical, hospital, doctor, and other incidental expenses.

21. Further, the Estate of Laura Logan-Cearley is entitled to survival damages for pain, suffering and emotional distress due to the abrupt recurrence and aggravation of her leukemia, her impending death and actual death that was a direct, proximate and/or substantial producing cause of her emotional distress and anguish, pain, suffering and subsequent death.

22. Plaintiffs believe they have been injured and damaged in a sum that exceeds the sum or value specified in 28 U.S.C. §1332.

23. Plaintiffs demand costs, prejudgment interest and post judgment interest in the maximum amount allowed by law, and to any other relief, both special and general, to which Plaintiffs may be justly entitled.

## I.  JURY DEMAND

23. Plaintiffs assert their right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## J. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the Defendant be duly cited to appear and answer herein, and that upon final trial of this cause, Plaintiffs has and recovers judgment of and from the Defendant, jointly and severally, in an amount within the jurisdictional limits of this Court, for both pre-judgment and post-judgment interest, exemplary damages, as allowed by law, plus costs of Court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

_____
Scott M. Hendler
State Bar No. 09445500
Federal Bar No. 250171
HendlerLaw, P.C.
1301 W. 25th St., Suite 400
Austin, Texas 78705
(512) 439-3200
FAX: (512) 439-3201
shendler@hendlerlaw.com
**Attorney for Plaintiffs**